Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

## Ex Parte Nadal.

### Appeal from the District Court of San Juan.

No. 105.—Decided February 4, 1904.

Acts of Voluntary Jurisdiction.—All acts in which the intervention of the judge is necessary or is requested, without any question between known and particular parties being involved or raised, will be considered as acts of voluntary jurisdiction.

Id.—Alienation of the Property of Minors—Judicial Authorization—Payment of the Debts of the Predecessor in Interest.—Proceedings to obtain judicial authorization for the alienation of the property of minors lie within the voluntary jurisdiction, and the fact that the ground set up for the alienation consists in the necessity of paying certain debts of the predecessor in interest does not impart a contentious character to the proceedings, and is a ground which justifies the institution of the proceedings.

Id.—Necessity and Utility.—The necessity and utility of the alienation of the property of minors having been established in the legal form, it is proper to grant the necessary authorization for that purpose.

#### STATEMENT OF THE CASE.

This is an appeal pending before us, taken by Eulogia Nadal y Colón, widow of Kearney, in proceedings of voluntary jurisdiction instituted by her in the District Court of San Juan, requesting judicial authorization to alienate property belonging to minors.

In aforesaid proceedings the court, on the 2d of July last, made a ruling which is as follows:

"Porto Rico, July second, one thousand nine hundred and three. Eulogia Nadal de Kearney (filed a petition for the institution of an act of voluntary jurisdiction), stating that her husband, Daniel W. Kearney, died in Aguadilla on the 25th of March, 1902, leaving three children from their marriage, who were minors not emancipated,

so era hacía muchos años empleado en la Mercantil J. T. Silva, en la Sucursal de Aguadilla, y al convertirse en primero Enero de 1901 esa Sociedad por acciones en J. T. Silva Banking and Comercial Company ofreció á dicho Kearney el cargo de Director si poseía veinte y cinco acciones de cien dollars que habían de depositarse en las cajas de la sociedad como garantía de su gestión; y careciendo Kearney de dinero acudió á Doña Leocadia Alvarez de Kearney, quien le facilitó en calidad de préstamo tres mil dollars con los que adquirió treinta acciones y pudo ejercer el citado cargo, abonando á Doña Leocadia treinta dollars mensuales por intereses: que desde el fallecimiento, ésta no ha podido cobrar los intereses por estar las treinta acciones registradas en los libros de la Compañía á nombre de Daniel W. Kearney y se hace preciso devolver los tres mil dollars evitando la reclamación judicial, y para atender á esa necesidad no queda otro recurso que transferir á Doña Leocadia las acciones, porque los demás bienes heredados del difunto Kearney por Doña Eulogia y sus hijos consistentes en dinero de pólizas de seguros de vida están colocadas por tiempo determinado y es violenta la realización y perjudicial á los menores y suplica, prévia información de necesidad y utilidad de la enagenación, autorización judicial para enagenar ó transferir á Doña Leocadia las treinta acciones. *Resultando*: que acompañó á esa petición las partidas de bautismo de los hijos menores mencionados y la declaratoria de herederos abintestato de ellos por ser hijos procreados en el matrimonio con Doña Eulogia y ésta con derecho á la cuota en usufructo. *Resultando*: que practicada información con citación del Señor Fiscal, declararon tres testigos constarles que Don Daniel W. Kearney adeudaba á su Señora madre Doña Leocadía Alvarez tres mil dollars que ésta le facilitó para la compra de acciones de la Sociedad citada, por cuya razón considera útil y necesaria para los menores la enagenación ó traspaso á esta Señora de esas acciones objeto del expediente con el fín de pagar cómodamente la deuda contraida por el Señor Kearney. *Resultando*: que el Señor Fiscal es de opinión se conceda la autorización para enagenar las acciones. *Considerando*: que los actos judiciales en que se promueve una cuestión entre partes conocidas y determinadas, como ha sucedido en el presente caso, no merecen el concepto de jurisdicción voluntaria, por más que la cuestión no se haya empeñado por ciertos trámites, puesto que según las palabras del Artículo 1810 de la Ley de Enjuiciamiento Civil, basta que la cuestión se haya promovido, sin necesidad de que se haya empeñado.

respectively named María Providencia, Josefina and Guillermo; that her aforesaid husband had been for many years an employee of the firm of J. T. Silva, Aguadilla branch, and when on January 1, 1901, said firm was converted into a stock company under the style of J. T. Silva Banking and Commercial Company, the position of manager was offered him, provided he held twenty-five shares of one hundred dollars each, to be deposited with the firm to answer for the faithful discharge of his duties; that Kearney, not having the money, applied to Leocadia Alvarez de Kearney, who loaned him three thousand dollars with which he bought thirty shares and was thus able to fill the aforesaid position, he paying said Leocadia Kearney thirty dollars as monthly interest on the loan; that since Kearney's death, the creditor had not been able to collect said interest because the thirty shares were entered in the company's books to the credit of Daniel W. Kearney, and the three thousand dollars must be reimbursed in order to avoid a lawsuit; for this purpose the only means available is to transfer said shares to the credit of Leocadia Kearney, inasmuch as the other property inherited from the deceased Kearney by his wife and children, consisting of money from life insurance policies is loaned out for a fixed period, and the sudden withdrawal thereof would work to the prejudice of the minors. She therefore prays that, after an inquiry to determine the necessity and utility of the alienation, judicial authorization be given to alienate and transfer said thirty shares to Leocadia Kearney. With her petition she filed the certificates of baptism of the aforesaid minor children and the declaration of intestate heirs, made in their favor as children had from the marriage with Eulogia Nadal, and recognizing the latter's right to the portion in usufruct. Upon the taking of evidence after having cited the *Fiscal*, three witnesses testified that it was known to them that Daniel Kearney owed his mother, Leocadia Alvarez, three thousand dollars which she had furnished him for the purchase of shares in aforesaid company, wherefore the alienation or transfer of said shares to said Leocadia Alvarez for the purpose of easily settling the debt incurred by Kearney, which is the object of the proceedings, is deemed to be useful and necessary. The *Fiscal* is of the opinion that the authorization to alienate the shares should be given.

"Judicial acts in which a question is raised between known and definite parties, as happens in the present case, cannot be considered as in the nature of voluntary jurisdiction, although there may not have been any litigation proceedings, for, according to the

*Considerando*: que los asuntos que notoriamente afectan á partes conocidas y determinadas en la esfera de la jurisdicción voluntaria, y mucho más cuando quien promueve el expediente lo hace para llevar á efecto actos que afectan á bienes pertenecientes á menores, eludiendo preceptos legales que determinan la tramitación del libro 2ºde la Ley de Enjuiciamiento Civil. *Considerando*: que á nadie es lícito alterar los preceptos de procedimientos por la ley señalados para los juicios en la jurisdicción contenciosa, porque la Ley aunque claramente no lo dice se sobreentiende señalando tramitación especial en el libro 2º de la Ley de Enjuiciamiento Civil á los actos que ella quiere comprender teniendo en consideración elevados y respetables intereses que era indispensable proteger y amparar de una manera eficaz por medio de lo contencioso, y por eso ha segregado de la jurisdicción voluntaria las diligencias preventivas del abintestato, las preventivas del juicio, de testamentaría, en las que, ó es necesaria la intervención del Juez ó aunque no lo sea puede solicitarse, y no hay empeñada, ni se ha promovido cuando se practican, contienda alguna entre partes conocidas, no reputándose de jurisdicción voluntaria porque la ley los ha excluido, como excluye que una demanda por acción real ó personal y convienen ambas partes en que el Juez la decida de plano, no por eso dejará de ser cuestión de la jurisdicción contenciosa pués ésta existe siempre que hay poder ó facultad para obligar á una parte á que haga ó deje de hacer lo que otra le demanda. *Considerando*: que esa razón es la que debe tenerse presente al definir los actos de jurisdicción voluntaria y por eso debe advertirse es preciso no haya en éstos ó no se desprenda como en el presente caso de su ejecución, el poder ó facultad mencionado. Se declara sin lugar la autorización judicial solicitada por Doña Eulogia Nadal de Kearney. Lo acordaron y firman los Señores Jueces del Tribunal de que certifico: Juan Morera Martínez, Frank H. Richmond, Jos Tous Soto, Luis Mendez Vas''.

*Resultando*: que contra ese auto interpuso Doña Eulogia Nadal recurso de apelación que le fué admitido, y elevados los autos á esta Corte Suprema, se dió al recurso la tramitación correspondiente, habiendo sostenido la procedencia del mismo tanto la parte apelante como el Ministerio Fiscal.

language of article 1810 of the Law of Civil Procedure, it is suffi-
cient for the purpose that the question be raised, without there being
actual litigation. Matters which evidently affect known and definite
parties do not come within the scope of voluntary jurisdic-
tion, especially when the one who institutes the proceedings does so
for the purpose of carrying out acts which affect property belonging
to minors, thereby avoiding the legal provisions which prescribe the
proceedings established under Book II of the Law of Civil Procedure.
No person can legally alter the proceedings established by the law for
the trial of issues appertaining to contentious jurisdiction, because
the law, although it does not expressly say so, should be understood as
prescribing special proceedings in Book II of the Law of Civil Pro-
cedure for such acts as were meant to be included therein, having
in mind great and important interests that must be effectively pro-
tected by means of the contentious jurisdiction, and therefore such
matters as provisional measures in intestate and testamentary pro-
ceedings have been excluded from voluntary jurisdiction, where the
intervention of the judge is either necessary, or if not, may be re-
quested, and no litigation, whether before or after instituting the
proceedings, has occurred among known parties; these matters not
being considered as of voluntary jurisdiction because the law has
excluded them, in the same manner as it excludes a real or personal
action, even where both parties agree to accept the informal decision
of the court, which on that account is no less a matter of contentious
jurisdiction, said jurisdiction existing so long as there is authority
and power to compel a party to do or leave undone a thing demanded
by another. These considerations should be borne in mind in defin-
ing acts of voluntary jurisdiction, and therefore it should be ascer-
tained whether aforesaid power or authority is directly involved
therein, or indirectly in the execution thereof, as happens in the pres-
ent case. The judicial authorization requested by Eulogia Nadal de
Kearney is refused. Concurred in and signed by the judges of the
court, to which I certify. Juan Morera Martínez, Frank H. Rich-
mond, José Tous Soto.—Luis Méndez Vaz.''

From the above decision Eulogia Nadal took an ap-
peal, which was allowed, and the records having been for-
warded to this Supreme Court and the matter having been
heard under the proper procedure, said appeal was sustained
by the party appellant and the *Fiscal*.

Abogado del apelante: *Sr. Kearney* (Juan Miguel).

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

El Juez Asociado Sr. *Hernández,* después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando los fundamentos de hecho del auto apelado.*

*Considerando*: que según el Artículo 1810 de la Ley de Enjuiciamiento Civil, se considerarán actos de jurisdicción voluntaria todos aquellos en que sea necesaria, ó se solicite, la intervención del Juez sin estar empeñada, ni promoverse cuestión alguna entre partes conocidas y determinadas.

*Considerando*: que el expediente promovido por Doña Eulogia Nadal viuda de Kearney, es y debe calificarse como de jurisdicción voluntaria, no sólo por no estar empeñada ni promoverse cuestión alguna entre personas conocidas y determinadas, según exige el precepto legal anteriormente citado, sino porque está comprendido de modo expreso en el Título 11°. del Libro 3°. de la Ley de Enjuiciamiento Civil, que trata de la enagenación de bienes de menores é incapacitados y transacción acerca de sus derechos, sin que el motivo que se alega para la enagenación pretendida, consistente en la necesidad de pagar una deuda á Doña Leocadia Alvarez, le dé el carácter de contencioso, pues tal motivo justifica la promoción del expediente y está previsto en el Artículo 2020 de la mencionada ley.

*Considerando*: que habiéndose justificado en forma legal la necesidad y utilidad de la enagenación de las acciones de que se trata, es de accederse á la pretensión de Doña Eulogia Nadal, viuda de Kearney.

*Vistos* los Artículos 1810, 2010, 2011, 2012, 2013 y 2014 de la Ley de Enjuiciamiento Civil.

*Se revoca* el auto apelado que dictó el Tribunal de San Juan el dos de Julio último, y otorgamos á Doña Eulogia Nadal, viuda de Kearney, la autorización que solicita para enagenar ó transferir á Doña Leocadia Alvarez, viuda de Kearney, las treinta acciones de que se trata en pago del

*Mr. Kearney (Juan Miguel),* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Justice Hernández, after making the above statement of facts, rendered the opinion of the court.

The findings of fact of the above order are accepted.

According to article 1810 of the Law of Civil Procedure, all proceedings in which the intervention of the judge is requested or is necessary, without there being actual litigation, or in which no question is raised between known and definite parties, shall be considered as acts of voluntary jurisdiction.

The proceedings instituted by Eulogia Nadal, Kearney's widow, are and should be considered as of voluntary jurisdiction, not only because no actual litigation is involved, or issue raised between known and definite parties, as required by aforementioned legal provision, but because it is expressly included under title XI, book III, of the Law of Civil Procedure, which provides for the alienation of the property of minors and incapacitated persons and settlement of their rights out of court, and the cause alleged for the proposed alienation, namely, the necessity of satisfying a debt due Leocadia Alvarez, does not make it contentious, inasmuch as aforesaid cause justifies the institution of the proceeding which is provided for under article 2020 of said Law of Civil Procedure.

The necessity and utility of the alienation of the shares in question having been established in due legal form, the request of Leocadia Nadal, widow of Kearney, should be granted.

Having examined articles 1810, 2010, 2011, 2012, 2013 and 2014 of the Law of Civil Procedure, the order appealed from which was made by the court of San Juan on July last is set aside, and we grant Eulogia Nadal, widow of Kearney, the authorization requested by her to alienate or transfer to Leocadia Alvarez, widow of Kearney, the thirty shares in

crédito de tres mil dollars que á favor de la segunda contrajo el difunto D. Daniel W. Kearney, y con certificación de la presente resolución devuélvanse los autos al Tribunal de Distrito de San Juan á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## DE DIEGO ET AL. *v.* LA CAMARA DE DELEGADOS.

### SOLICITUD para que es expida auto de Mandamus.

No. 6.—Resuelto en Febrero 4, 1904.

CÁMARA DE DELEGADOS.—SUS FACULTADES.—Con arreglo á la Sección 30 de la Ley Orgánica, la Cámara de Delegados de Puerto Rico tiene facultad para considerar y resolver si el cargo de alguno ó algunos de sus miembros debe ó no estimarse vacante.

CUERPOS LEGISLATIVOS.—MANDAMUS.—Un auto de mandamus no procede para obligar á un cuerpo legislativo á que arroje de su seno uno ó más de sus propios miembros.

CAMARA DE DELEGADOS.—CORPORACION.—LEY DE MANDAMUS.—La Cámara de Delegados no es una Corporación, con arreglo á nuestro Código Civil, ni está comprendida dentro de los términos de la Sección 2 de la Ley de Mandamus de 1903.

ID.—La Cámara de Delegados de la Asamblea Legislativa de Puerto Rico no está sujeta al auto de Mandamus expedido por el Tribunal Supremo de Puerto Rico.

ID.—ACTOS DE CARÁCTER DISCRECIONAL Y MINISTERIAL Ó EJECUTIVO.—El auto de mandamus no procede para obligar la ejecución de actos encomendados á la facultad discrecional del funcionario, estando limitada su acción á la ejecución de actos de carácter ministerial ó ejecutivo.

Los hechos están expresados en la Opinión.

Abogados de los demandantes: *Sres. De Diego y Diaz Navarro.*

EL JUEZ ASOCIADO SR. MACLEARY emitió la opinión del Tribunal.

question, in payment of the credit of three thousand dollars contracted in favor of the latter by the late Daniel W. Kearney.

The record of the District Court of San Juan is ordered to be returned, with a certificate of the present decision, for such action as may be proper.

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.